UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAUL DAVID JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-122 RM |
| v. | ) |
| | ) |
| DR. CARTER, *et al.* | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Paul David Johnson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). A court deciding whether the complaint states a claim must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). To state a claim under § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Johnson is an inmate at the Elkhart County Correctional Complex. He alleges that in March 2013, he was being held there as a pretrial detainee. When Mr. Johnson was booked into the jail, he explained that he was allergic to all penicillins. Nine days later he was seen by a dentist, Dr. Carter, who ended up prescribing him Amoxicillin, which is a form of penicillin. A few days later, Mr. Johnson broke out in a rash and had bloody stool which he believes was a reaction from taking the medication. Mr. Johnson alleges that Dr. Carter's prescribing Amoxicillin violates the Eighth Amendment. He has sued both Dr. Carter and his employer, Correct Care Solutions.

A defendant violates an inmate's right to medical care when he is deliberately indifferent to the plaintiff's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To be liable for deliberate indifference to an inmate's medical needs, a medical professional must make "a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, or even medical malpractice don't amount to deliberate indifference. Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004); Walker v. Peters, 233 F.3d 494, 499 (7th Cir. 2000).

As to Dr. Carter, Mr. Johnson simply complains that Dr. Carter prescribed a medication that he was allergic to. That Mr. Johnson told someone at intake that he was allergic to penicillin and Dr. Carter later prescribed amoxicillin doesn't show that Dr. Carter was disregarding Mr. Johnson's need. Collignon v. Milwaukee County, 163 F.3d 982, 988 (7th Cir. 1988). Mr. Johnson doesn't suggest that Dr. Carter knew he was allergic to the medication or that he knew Mr. Johnson would have an allergic reaction to it. Without more, Mr. Johnson might conceivably state a claim for medical malpractice or negligence based on these facts. But, his allegations do not rise to the level of establishing deliberate indifference.

Mr. Johnson a also brings suit against Correct Care Solutions because it is Dr. Carter's employer. Like a municipal entity, a corporate entity acting under color of state law can't be held liable based solely on a theory of *respondeat superior*. Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658 (1978); Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004). Correct Care Solutions can't be held liable solely because it is Dr. Carter's employer.

Though Mr. Johnson's current complaint does not plausibly state a claim, he might be able to do so. The court will grant leave to file an amended complaint if Mr. Johnson believes he can present the facts necessary to state a claim. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). Any amended complaint should address the concerns raised in this order. Mr. Johnson should also explain in his own words what happened, when it happened, where it happened, and who was involved in as much detail as he can provide.

He should also detail the injuries he suffered. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the court:

    (1) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form, and send it to Paul David Johnson;

    (2) **GRANTS** Paul David Johnson to and including September 28, 2015, to file an amended complaint.

If Mr. Johnson doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

ENTERED: August 17, 2015.          /s/ Robert L. Miller, Jr.
                                                   Judge
                                                   United States District Court