UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAUL DAVID JOHNSON,                )
                                   )
            Plaintiff,             )
                                   )    CAUSE NO. 3:15-CV-122 RM
       v.                          )
                                   )
DR. CARTER, *et al.*               )
                                   )
            Defendants.            )

OPINION AND ORDER

Paul David Johnson, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 12.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). In order to state a claim under § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Johnson is an inmate at the Kosciusko County Jail. He alleges that in March 2013, he was being held at the Elkhart County Jail as a pretrial detainee. When Mr. Johnson was booked into the Elkhart County Jail on March 9, 2013, he explained that he was allergic to all penicillins. This was documented in Mr. Johnson's medical records. On March 18, 2013, he saw the dentist, Dr. Carter, who was aware of Mr. Johnson's allergy but nevertheless prescribed him Amoxicillin, a form of penicillin. A few days later, Mr. Johnson broke out in a rash, was in extreme pain, and had bloody stool, which he believes all resulted from taking the medication. He experienced these conditions for months. Mr. Johnson alleges that Dr. Carter's prescribing him Amoxicillin violates the Eighth Amendment. He has sued both Dr. Carter and his employer, Correct Care Solutions.

Because Mr. Johnson was a pretrial detainee, the Fourteenth rather than the Eighth Amendment applies. Lewis v. Downey, 581 F.3d 467, 473-474 (7th Cir. 2009). The standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." Id. at 475. A defendant violates an inmate's right to medical care under either Amendment when he is deliberately indifferent to the plaintiff's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). Conduct is deliberately indifferent "when the official has acted in an intentional or

criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he or she must make "a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

Mr. Johnson alleges that Dr. Carter was aware of his allergy to penicillin but nevertheless prescribed it for him anyway, which caused Mr. Johnson to suffer a rash, bloody stools and extreme pain for months. Accepting his allegations as true, he has alleged a plausible deliberate indifference claim, and he will be permitted to proceed against Dr. Carter for damages.

Mr. Johnson also brings suit against Correct Care Solutions because it is Dr. Carter's employer. Like a municipal entity, a corporate entity acting under color of state law cannot be held liable based solely on a theory of *respondeat superior*. Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658 (1978); Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004). Correct Care Solutions can't be held liable solely because it is Dr. Carter's employer.

For these reasons, the court:

    (1) **GRANTS** Paul David Johnson leave to proceed against Dr. Carter in his

individual capacity for compensatory and punitive for denying him adequate medical care on March 18, 2013, in violation of the Fourteenth Amendment;

(2) **DISMISSES** Correct Care Solutions;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Dr. Carter to the United States Marshals Service along with a copy of the amended complaint (DE 12) and this order;

(5) **DIRECTS** the U.S. Marshals Service to effect service of process on Dr. Carter pursuant to 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Carter respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: October 29, 2015.         /s/ Robert L. Miller, Jr.
                                                Judge
                                                United States District Court